## CLARK v. CANADIAN PAC. RY. CO.

(Circuit Court, D. Vermont. September 14, 1895.)

**1. PLEADING—CONTRIBUTORY NEGLIGENCE.**

In an action in a federal court, brought in a state where the common-law system of pleading prevails, contributory negligence, being in those courts a matter of affirmative defense, must be pleaded.

**2. SAME—TRESPASS—QUESTION AT ISSUE.**

In an action of trespass against a railroad company, for running over the plaintiff, in which the general issue was pleaded, the jury was instructed that, as the train had unquestionably run against the plaintiff, he was entitled to recover, unless the defendant had shown that what the law and common prudence required had been done, and the injury could not thereby be prevented. *Held* no error.

**3. RAILROAD COMPANIES—DEGREE OF CARE REQUIRED.**

A railroad company is not excused from taking other proper precautions by compliance with statutory requirements as to giving signals at cross-ings.

This was an action of trespass by Samuel O. Clark against the Canadian Pacific Railway Company for personal injuries. After a verdict for the plaintiff, the defendant moved for a new trial.

A. K. Brown and H. E. Rustedt, for plaintiff.

F. E. Alfred and J. C. Baker, for defendant.

WHEELER, District Judge. A highway and the defendant's railway come, descending, near to, and nearly parallel with, each other, from Canada into Vermont, at Richford; the highway descending lower than the track of the railway as they approach the national line, and, turning to the eastward, rises and crosses it at grade just on the Vermont side of the line, where it has a side track on each side of a main track extending northward into Canada, and a station on the east side, south of the crossing. The plaintiff was coming in a sleigh, without bells, along this road from Canada, and going to his home in Vermont, on the east side of the railroad, when there was a long freight train, which had come from the south, standing on the side track between the main track and the road, waiting for an express train from the north to pass; and as he passed behind the van, onto the main track, the express train, coming down the grade, not working steam, at 25 to 30 miles an hour, struck the plaintiff's team, between him and his horse, and threw him one way and his horse the other, killing the horse and injuring him. This suit is brought for this injury, and has been tried upon the general issue. The plaintiff testified that he looked for the express train as he passed along to where the freight train hid the main track from him; that the van of the freight train stood on the crossing; that his horse slowed up at sight of the van; that he heard no signals or noise of a train coming, and urged his horse along, around the van, onto the main track, when he heard some one call, "Look out for the express"; but he had got too far to turn away. On cross-examination he testified that he was very familiar with the crossing, and always listened for trains there, and did then; that he was totally deaf in his left ear, but could hear well. There was much testimony as to whether the van obstructed the crossing, or not, and as

to whether the engine whistle was blown, or the bell was rung, or not; as to the speed of the plaintiff before reaching the crossing; and one of the state railroad commissioners testified that the plaintiff testified, in an examination by him as to the cause of the collision, that he usually looked and listened for a train before passing over the crossing, but at that time he did not do either. The case was tried at the February term, and the jury did not agree. It was presented by counsel at that trial, and at this, as if the rule of the supreme court of the state, that in actions for negligence, the plaintiff must show absence of contributory negligence would prevail in this suit here; and the case was so submitted to the jury. After very long deliberation the jury still disagreed, probably, from inquiries they made, upon the question of contributory negligence. Thereupon the jury was further instructed that, as the defendant's train was, without question, run against the plaintiff, he was entitled to recover for the injury so done, unless the defendant had shown that what the law required, and what common prudence under the circumstances required, about running the train, was done, and the injury could not thereby be prevented. Now, upon a motion for a new trial, which has not been withdrawn, but has been left without argument to be disposed of, the entering of judgment on the verdict depends upon the correctness of these rulings.

As to this, what issues have been made in the record may properly first be attended to. The common-law system, by which matters in avoidance of allegations of direct injuries must be pleaded, is in force in this state, and, of course, in this court. That contributory negligence of a plaintiff is, in the courts of the United States, a defense to be brought forward by the defendant, seems to be absolutely settled by the supreme court of the United States. Farlow v. Kelly, 108 U. S. 288;[1] Railroad Co. v. Mares, 123 U. S. 710, 8 Sup. Ct. 321; Railway Co. v. Johnson, 151 U. S. 85, 14 Sup. Ct. 250. Railway Co. v. Lowell, 151 U. S. 209, 14 Sup. Ct. 281. On principle, the pleading of this defense would seem to be requisite to raising it in the United States courts, especially in proceedings according to the course of the common law; and in these cases it appears to have been pleaded. In Weaver v. Ward, Hob. 134, which was trespass for an assault and battery, the defendant pleaded that he and the plaintiff were trained soldiers, exercising with loaded muskets, and that he, "casualiter et per infortunium et contra voluntatem suam," in discharging his musket, hurt the plaintiff; and, on demurrer, judgment was given for the plaintiff, for "no man shall be excused of a trespass except it may be judged utterly without his fault;—as if a man, by force, take my hand and strike you; or if here the defendant had said that the plaintiff ran across his piece when it was discharging; or had set forth the case with the circumstances, so as it had appeared to the court that it had been inevitable, and that the defendant had committed no negligence to give occasion to the hurt." That case has constantly been referred to, quoted from, and copied by text writers and judges, as affording a correct statement of law, and has not,

[1] 2 Sup. Ct. 555.

so far as noticed, been questioned.   Bac. Abr. tit. "Trespass," D, 2; Selw. N. P. 27; 2 Greenl. Ev. § 85; Add. Torts, § 544; Wakeman v. Robinson, 1 Bing. 213.

In this case the plaintiff was rightfully there when struck.   He had as much right to be where he was with his team as the defendant had to have its train there that struck him.   "The rights of a railroad company to the use of its tracks for the movement of engines and cars is no greater in the eye of the law than the right of an individual to travel over a highway extending across such tracks." Railroad Co. v. Converse, 139 U. S. 469 (at page 473), 11 Sup. Ct. 569.   The declaration, with much verbiage, sets forth, in effect, a trespass to person and property.   Leame v. Bray, 3 East, 593.   If some of the courts may be said to be in form on the case, and joined, as they may be, by statute, in Vermont, the pleadings must conform to those in trespass.   Rev. Laws, § 912.   The general traverse here put in issue this trespass, which would be proved by showing the running of the train with force against the plaintiff and his property, and disproved by showing that this could not, in law or prudence, be prevented.   Exactly this issue was submitted to the jury, and found for the plaintiff.

The defendant makes question, however, whether a railroad company owes any other duty to travelers than that of complying with the statute as to giving signals at crossings.   That they are holden to prudence in other places seems beyond question.   Quimby v. Railroad Co., 23 Vt. 387; Railroad Co. v. Stout, 17 Wall. 657.   And the operators of the Rutland Railroad were held by the supreme court of Vermont not to be excused from liability for striking a traveler on the highway with a freight train running too fast at a dangerous crossing, by giving the statutory warnings.   Marshall v. Birchard, Add. Torts (Wood's Ed.) § 547, note.   And, if the issue of contributory negligence was open, the question remains whether there was enough evidence of it to so entitle the defendant to have the evidence submitted to the jury, while under the burden of showing it, as to make the omission to do so error.   To drive on to the crossing without looking and listening, while either would be of use in avoiding a train, would be getting before a coming train imprudently, and directly contributory to any being hit by it.   As the plaintiff's testimony, that he looked for the express train when that would do any good, was not disputed, no question arose to be submitted to the jury about that; and, as his testimony that he listened was affected only by that of the railroad commissioner, the question as to this is whether the testimony of the latter would so overcome that of the former as to sustain the burden of proof, and warrant a verdict resting upon it.   As the statement came from the plaintiff, it would be competent evidence of the fact, and not merely impeaching, if satisfactorily proved.   The plaintiff would not be likely to so state away his case, and the commissioner might misunderstand. This raises too much doubt about his making it to justly let it overcome his positive testimony that he did listen.   A verdict resting solely upon this proof of that statement would be quite unsatisfactory.   Motion overruled, and judgment on the verdict.