SPRAGUE et ux. v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1899.)

No. 284.

1. CARRIERS OF PASSENGERS—ACTION FOR PERSONAL INJURY—QUESTIONS FOR JURY.

Plaintiff, with her husband, purchased first-class tickets for transportation between two stations on defendant's railroad, and made the journey in the caboose of a freight train. When the train arrived at their destination, it stopped, with the engine opposite the station and the caboose some distance back. While so standing, the plaintiff rose from her seat to look from the window, and was thrown down and injured by a violent jerk given the caboose by the starting of the train. It further appeared that the movement of the train was the same as was usual at that station. *Held*, that it could not be said, as a matter of law, that defendant's servants were not guilty of negligence causing the injury, but that the question was one of fact for the jury.

2. SAME—LIABILITY FOR SAFE CARRIAGE—PASSENGERS ON FREIGHT TRAINS.

Where a railroad company sells tickets to passengers to be used on a freight train which is provided for the accommodation of passengers generally, it is held to the same degree of care for the safety of such passengers as though they were carried on a regular passenger train.

3. SAME—PRESUMPTION OF NEGLIGENCE FROM FACT OF INJURY.

An injury to a passenger while in the exercise of that degree of care which may reasonably be expected from a person in his situation is prima facie evidence of the carrier's liability.

In Error to the Circuit Court of the United States for the Western District of North Carolina.

James H. Merrimon (M. Silver, on the brief), for plaintiffs in error.

Charles Price, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and PAUL, District Judge.

GOFF, Circuit Judge. The plaintiffs in error, who are husband and wife, instituted this action at law to recover damages from the defendant in error on account of personal injuries sustained by the wife, claimed by them to have been caused by the negligence of the employés of the Southern Railway Company. It is set forth in the complaint that on the 7th day of July, 1897, the feme plaintiff purchased of the defendant company a first-class ticket over its railroad, from the station at Hickory to the station at Morganton, and that she entered and took a seat in the caboose car attached to a freight train on said road (as she was directed to do by the agent of said company), for the purpose of making said trip, and that while doing so, and when she was

still in said car, she was injured by the negligence of the defendant's employés. The answer of the Southern Railway Company denies the charge of negligence, and sets up contributory negligence on the part of the said feme plaintiff, in substance as follows: That she contributed to her injury by her own negligence, in standing up in the car while the same was in motion, when the defendant had provided a seat for her, in which she might have remained in perfect safety; that she knew she was on a freight train, and that it was not as safe as a regular passenger train, and that it required greater care on the part of passengers, which she failed to exercise, but that she assumed the risk of injury by standing up in the caboose car during the time the same was in motion; that she did not wait in her seat until the train stopped at Morganton, but she arose and stood up while said car was being moved, and before it had reached the station, thereby contributing to her injury.

The case came on to a trial before a jury, on the following issues: First. Was the feme plaintiff injured by the negligence of the defendant company? Second. Did the feme plaintiff contribute to her injury by her negligence? Third. What damages, if any, is the feme plaintiff entitled to recover?

After the plaintiffs had offered their evidence, the defendant moved the court to dismiss the complaint and enter judgment of nonsuit. The court below ruled that the plaintiffs were not entitled to recover, and entered a judgment of nonsuit. To such judgment this writ of error was sued out.

It is claimed by the plaintiffs in error that it was error in the court below to dismiss their complaint and enter said judgment of nonsuit. The supreme court of North Carolina, in construing the statute of that state relating to nonsuits, has held that such a motion is, in effect, the same as a demurrer to the plaintiffs' evidence. Purnell v. Railroad Co., 29 S. E. 953, 122 N. C. 832. Therefore, under said statute, when the motion for nonsuit is submitted, the court should dispose of the same in the light of the rule that admits everything which a jury could reasonably infer from the evidence.

The plaintiffs' testimony tended to prove that they had purchased first-class tickets over the defendant's road from the station at Hickory to the station at Morganton; that they entered the caboose car, and traveled in it, the same being attached to a freight train composed of 12 or 13 cars; that they were both aware of the fact that they were to go on a freight train, being so advised when their tickets were purchased; that they traveled safely to Morganton, where the engine stopped in front of the depot building, thereby leaving the plaintiffs, who were still in the caboose on the end of the train, some little distance from the station; that in the said car was a sofa or settee, some chairs, a table, and a stove; that after the car reached Morganton, and when it was not in motion, and was at a point where it had been for some minutes, the feme plaintiff arose from her seat, and walked across the car, for the purpose of looking out of the window, and, while she was standing near it and by a table, the engine suddenly moved up, and thereby the slack of the train was taken out, and the car given a sudden lurch or jerk, by which the said feme plaintiff was

thrown to the floor, causing her great bodily injury and pain, the result being a fractured thigh bone and permanent injury; that she was in her 67th year at the time of such injury; that, when the train stopped for the first time at Morganton, it remained still for a few minutes, then moved up, and then stopped again, and that when it so moved up it made a heavy jerk, when the engine again stopped suddenly, and that considerable jar was caused thereby; that, by the time the slack is taken out of a train as long as that was, the end of the train has a pretty heavy jerk; that the movements of said train at Morganton were the same as they usually were at that place, it stopping and starting as it had often done before; that during the trip, and before the train reached Morganton, the husband plaintiff, who had gone out on the platform of the car, was admonished by the brakeman that it was dangerous for him to be there, as the sudden jerk of the car might throw him off, and that he returned to his seat inside the car, at the same time advising his wife of the warning he had received; that they were not warned by any of the train officials, at Morganton or elsewhere, that the car would be suddenly or violently moved, and that it would be best for them to be careful during the time it was being so moved.

Negligence is in some cases a question of law to be determined by the court, and in others a matter of fact to be found by the jury. In this case the court below held it to be a question of law, and directed a nonsuit. We think this was error, as we are of the opinion that the jury should have been directed to find from the evidence whether or not the defendant so managed its engine and so moved its car at the time that Mrs. Sprague was injured as to make it liable for injuries caused thereby to those who were passengers in said car; or, in other words, if the defendant's conduct at that time constituted "negligence," in the sense such word was used in in the issues submitted to the jury.

We are unable to conclude, after carefully considering the testimony offered by the plaintiffs, that the facts shown by it are such that all reasonable men must draw the same conclusion from them, and hence we hold that, if such facts constitute negligence, the same must be found by the jury from the testimony, and not by the court as a matter of law. Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679; Railway Co. v. Gentry, 163 U. S. 353, 16 Sup. Ct. 1104. If from the evidence there is uncertainty as to the existence of negligence, then the question is one of fact, and must be settled by a jury, and such is the case even if there be no testimony save that offered by the plaintiff, and in which there is no conflict, if fair-minded men, in an honest effort to do right, would reach different conclusions from it. This is a case peculiarly for the jury, for the reason that it is from all the circumstances incident to the injury to the feme plaintiff—such as the movement of the train, the stopping and starting of the same, whether the car was properly and safely handled, or carelessly and dangerously pushed and jerked about—that the question of negligence and the matter of responsibility can be intelligently found and fairly determined. It is now so well settled that if, in any case, the facts are such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of that matter is for

the jury, that we deem a further discussion of the question unnecessary, and, as the case is again to go to a jury, we think it best not to further consider the testimony.

The court below seems to have founded its conclusion on the fact that the plaintiffs were traveling in a caboose car, and not on a regular passenger train. But we are of the opinion that as the defendant sold tickets to the plaintiffs to be used in said car, which was provided for the accommodation of passengers in general, the plaintiffs were entitled to demand and have of and from the defendant the highest possible degree of care and diligence, regardless of the kind of train they were on. A railroad company is liable for the negligence of its servants, resulting injuriously to its passengers, whether they are traveling in the luxurious cars of the modern train, or in the uncomfortable caboose of the local freight; for in all such cases the law requires that the highest degree of care that is practicable be exercised. The reasons for this rule are well known, and are based upon wise public policy and the plainest principles of justice. The supreme court of the United States, in alluding to this matter (Railroad Co. v. Horst, 93 U. S. 291, 296), said:

"Life and limb are as valuable, and there is the same right to safety, in the caboose as in the palace car. The same formidable power gives the traction in both cases. The rule is uniformly applied to passenger trains. The same considerations apply to freight trains. The same dangers are common to both. Such care and diligence are as effectual and as important upon the latter as upon the former, and not more difficult to exercise. There is no reason, in the nature of things, why the passenger should not be as safe upon one as the other. With proper vigilance on the part of the carrier, he is so. The passenger has no authority upon either, except as to the personal care of himself. The conductor is the animating and controlling spirit of the mechanism employed. The public have no choice but to use it. * * * The rule is beneficial to both parties. It tends to give protection to the traveler, and warns the carrier against the consequences of delinquency. A lower degree of vigilance than that required would have averted the catastrophe from which this litigation has arisen. Dunn v. Railway Co., 58 Me. 187; Tuller v. Talbot, 23 Ill. 357; Railway Co. v. Thompson, 56 Ill. 138."

It was held in Railroad Co. v. Pollard, 22 Wall. 341, a suit for an injury to the person against a railroad company, that "if the passenger is in the exercise of that degree of care which may reasonably be expected from a person in his situation, and injury occur to him, this is prima facie evidence of the carrier's liability." Such is also the doctrine of Stokes v. Saltonstall, 13 Pet. 181, a leading case on this question. See, also, to like effect, the cases of ··oasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653; Gleeson v. Railroad Co., 140 U. S. 435, 11 Sup. Ct. 859. Applying this principle to the case we are now considering, and it will follow that the jury should have been permitted, in the absence of explanation by the defendant of the circumstances under which the injury occurred, to ascertain the plaintiffs' damages, provided they did not also find that the feme plaintiff contributed to the accident by her own negligence.

The contention of counsel for defendant in error that the supreme court in Transportation Co. v. Downer, 11 Wall. 129, held that a presumption of negligence does not arise from the simple occurrence of

an accident, will not be sustained by a careful examination of the opinion in that case. It will be well to remember that the plaintiff in that case was suing to recover for the loss of personal property, and not for damages occurring to him while a passenger; and yet the court said that if the accident was caused by the mismanagement of a thing over which the defendant had immediate control, and for the management of which he was responsible, that the presumption of negligence did arise. We agree with counsel for the defendant in error that if, looking at all the evidence, and drawing such inferences therefrom as are just and reasonable, the court below could have said, as matter of law, that the plaintiffs were not entitled to recover, then the order of nonsuit was properly entered. Pleasants v. Fant, 22 Wall. 116; Montclair v. Dana, 107 U. S. 162, 2 Sup. Ct. 403. But, as we have already shown, the court below, under the circumstances of the case as developed by the plaintiffs' testimony, could not have properly so said as matter of law, and the issues should have been submitted to the jury, under appropriate instructions as to the law by which they were to be guided in reaching a conclusion.

The judgment complained of will be reversed, and this case will be remanded, with instructions to proceed with a new trial under the principles of law as herein announced. Reversed.