CINCINNATI TRACTION CO. v. LEACH.

(Circuit Court of Appeals, Sixth Circuit. April 19, 1909.)

No. 1,884.

1. APPEAL AND ERROR (§ 216*)—EXCEPTIONS—NECESSITY OF SPECIFIC EXCEPTIONS TO INSTRUCTIONS.

A general exception to the charge of a court on the ground that it did not instruct more fully upon a subject is unavailing, unless counsel specifically states such further instruction as is desired, and requests that the same be given.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 628.]

2. CARRIERS (§ 331*)—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

Where it was the custom of a street railroad company to permit passengers to stand on the rear platform of its cars which were closed with gates apparently securely closed and fastened, it was not the duty of a passenger so riding to critically examine the fastenings, but only to exercise reasonable care to protect himself from injury, and where he was thrown off and injured by reason of the giving way of the gates he is not chargeable with contributory negligence because he did not take the additional precaution to see and use a handhold.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1378, 1379; Dec. Dig. § 331.*]

3. CARRIERS (§ 344*)—ACTION FOR INJURY TO PASSENGER—ISSUES AND PROOF.

Where, in an action by a passenger against a street railroad company to recover for a personal injury, plaintiff shows that while a passenger he was injured, the burden shifts to the defendant to satisfy the jury by a preponderance of the evidence that it was guilty of no negligence that proximately contributed to the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1399; Dec. Dig. § 344.*

Burden of proof of negligence where passengers have been injured, see note to Southern Ry. Co. v. Myers, 32 C. C. A. 23.]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Jos. Wilby, for plaintiff in error.

Edward Colston and S. M. Johnson, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge. The plaintiff in error, the Cincinnati Traction Company is a corporation engaged in operating a street railway in Cincinnati, Ohio. On March 10, 1906, the appellee, Harry Leach, was a passenger aboard one of appellant's cars. He was standing on the rear platform of the car, and while it was in motion he fell or was thrown from the platform of the car into the street and was injured. Suit was instituted by the defendant in error to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recover damages for the injuries sustained. The case was tried before the court and jury, resulting in a verdict for the defendant in error in the sum of $5,000. A motion for a new trial was made and disallowed. Thereupon errors were assigned, and an appeal taken to this court.

There are 25 assigned errors. After a careful examination of the record, we are unable to find any reversible error. It is strongly insisted that the question of contributory negligence on the part of the appellee was not submitted to the jury by the trial judge, and that the testimony introduced on the trial made such a case as required the submission of this question to the jury. Assuming, but not deciding, that the charge as to contributory negligence was not as full as it might have been, there was no specific request for any different or additional charge on this question. While the court was instructing the jury, the following colloquy took place between the court and counsel for appellant:

"Mr. Wilby: And as to the other point, about contributory negligence, I did not hear your honor charge as to that?

"The Court: * * * Have you written out a charge covering your request, Mr. Wilby?

"Mr. Wilby: No, your honor. I just wanted your honor to deal with the subject of contributory negligence. * * *

"The Court: Well, it would depend upon the necessity for doing anything to secure his safety. If the gate was of such structure and strong and high enough to justify him in relying upon it, then I do not think it would be negligence upon his part if he failed to see and use a handle bar, or do something else additional, to promote his safety."

If the appellant had wished different or additional instructions to the jury, such instructions should have been specifically stated, coupled with the request that the same be given in charge to the jury. This was not done, but appellant contented itself by reserving an exception to the charge, because the court did not charge more fully upon the subject of contributory negligence. The court below cannot be put in error on an exception so indefinite and general. Anthony v. L. & N. R. R. Co., 132 U. S. 172, 10 Sup. Ct. 53, 33 L. Ed. 301; Railway Co. v. Jurey, 111 U. S. 584, 4 Sup. Ct. 566, 28 L. Ed. 527; Columbus Const. Co. v. Crane Co., 98 Fed. 946, 40 C. C. A. 34; Yates et al. v. U. S., 90 Fed. 57, 32 C. C. A. 507; Shelp et al. v. U. S., 81 Fed. 694, 26 C. C. A. 570; Price v. Pankhurst et al., 53 Fed. 312, 3 C. C. A. 551; Coney Island Co. v. Dennan, 149 Fed. 687, 79 C. C. A. 375.

Moreover, an attentive examination of the testimony set out in the record leads us to the conclusion that the trial judge would have been warranted in omitting any reference in his charge to the subject of contributory negligence. It is admitted that appellant's custom was to permit its passengers to occupy the rear platform of its cars, and therefore appellee was not guilty of negligence, in so far as this case is concerned, by riding on the rear platform. He was smoking when he went aboard the car, and was in the place required by the company of those passengers so indulging. He was standing with his feet firmly placed on the platform, with his back against the rear end of the car. Just to his right was an iron scissors gate, about as high as

his hips, and, to all appearances, securely closed and fastened. It was not his duty to make a close examination of the gate to determine its structure or strength, to save himself from the charge of negligence, but only to exercise reasonable care to save himself from injury. On the other hand, it was the duty of the appellant, as a common carrier of passengers, to exercise the highest degree of care and caution in and about the construction and strength and fastenings of the gate and other appliances of the car necessary to transport its passengers safely.

In the case at bar there is no testimony tending to show that the passenger was not in the exercise of due care. The burden rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight. Gleeson v. Virginia Midland Railroad Co., 140 U. S. 443, 11 Sup. Ct. 859, 35 L. Ed. 458, and cases there cited. The defendant in error having shown to the jury that he was a passenger aboard appellant's car, and that while such passenger he was injured, the burden of proof shifted to the appellant (defendant below) to satisfy the jury by a preponderance of the evidence in the case that it was guilty of no negligence that proximately contributed to the accident. This question, under proper instructions, was submitted to the jury, and the issue found against appellant. Stokes v. Saltonstall, 13 Pet. 181, 10 L. Ed. 115; Railroad Co. v. Pollard, 22 Wall. 341, 22 L. Ed. 877; Gleeson v. Virginia Midland Railroad Co., supra; Secord v. St. Paul, M. & M. Ry. Co. (C. C.) 18 Fed. 221; Sprague et ux. v. Southern Ry. Co., 92 Fed. 59, 34 C. C. A. 207. As has been stated, the court said to the jury that:

"If the gate was of such structure and strong and high enough to justify him (the passenger) in relying upon it, then I do not think it would be negligence upon his part if he failed to see and use a handle bar, or do something else additional, to promote his safety."

The jury evidently found that the gate appeared to be of the character described in the charge, when in point of fact it was not, and that the appellee was not guilty of contributory negligence in failing to see and use a handle bar, or do something in addition to what he did, to promote his safety.

The case is affirmed.

NOTE.—The following is the opinion of Thompson, District Judge, in the court below:

THOMPSON, District Judge. Leach stood on the rear platform, between the entrance door to the car and the gate, with his back towards or against the body of the car. The gate was 30 inches high. The platform was 4 feet 6 inches long from the door to the center of the dash board in the rear, and 5 feet wide from side to side, but narrowed a little between the steps leading to it from each side. At the time of the accident from six to eight passengers were standing on the platform. Through some ordinary movement of the car Leach lost his balance and was thrown against the gate, which gave way, precipitating him into the street and causing severe bodily injuries, and in his petition he claims that the giving way of the gate and the consequent injuries which he suffered were due to the negligence of the traction company in permitting the gate "to become dangerous, insecure, and an insufficient protection to passengers," specifying in detail the elements of insecurity and danger. The traction company, answering, denies specifically the allegations of the petition charging it with negligence. It denies that the gate "was

intended to be or was placed upon said car as a protection to passengers, other than to prevent passengers from entering upon or leaving the rear platform of said car from the blind or left side thereof," and denies that "said gate became or was dangerous, insecure, or an insufficient protection to passengers." And it alleges that, "if the plaintiff was injured to any extent at the time and place that said second amended petition alleges, his injury, if any, was caused by his own act in carelessly and negligently standing upon the rear platform of said car, without taking any precaution of maintaining himself upon said rear platform, and in carelessly and negligently failing to use ordinary care in standing upon said rear platform while said car was in motion, and in carelessly or negligently falling or permitting himself to fall with force and violence over, upon, and against the gate upon said rear platform, and in carelessly and negligently failing to observe the nature and construction of said gate as aforesaid."

It will be observed that the answer does not allege that the gate was insufficient to afford protection to passengers, but, on the contrary, denies that it "was an insufficient protection to passengers." It is not alleged in the answer, nor. shown by the evidence, in what respect Leach was negligent in standing upon the platform and in falling against the gate; but it is shown by his testimony that he relied upon the gate for protection, that he came to Cincinnati on business four or five times a year for more than fourteen years, staying from five days to two weeks each time, and using street cars every business day, and observed that the gate was used as a safeguard to platform passengers, and had often seen people leaning against the same style of gate without objection by any employé of the company, and invariably, when he got on some of these cars with the scissors gates, he had seen men standing and leaning against the gate. The answer does not set up the defense of contributory negligence, but alleges that the plaintiff's "injury if any, was caused by his own act in carelessly and negligently standing upon the rear platform of said car," etc., and "that his injury, if any, was due to his own want of care, not to any negligence of any kind whatever on the part of the defendant." Beach, Contributory Negligence (2d Ed.) § 64; Birsch v. Citizens' Electric Company, 36 Mont. 574, 93 Pac. 940; Clark v. Canadian Pac. Ry. Co. (C. C.) 69 Fed. 544. Nor does the defendant in its answer specify any act of negligence on the part of Leach which caused his injury, but relies on his admission on the witness stand that he had not hold of anything that might have prevented him from being thrown against the gate. In the crowded condition of the platform it is doubtful whether there was anything that he could have taken hold of, and, moreover, as he testified, he depended upon the gate for protection, without knowledge of its defective condition. The defective gate, and not the loss of balance, was the proximate cause of his injury; for, as is said in Stappers v. Interurban, 56 Misc. Rep. 337, 106 N. Y. Supp. 854: "This case is not based upon negligent operation, but upon negligent maintenance of an appliance, to which a different rule must be applied."

Counsel for the defendant, in offering his exceptions to the charge of the court, stated that the court instructed the jury that the gate was intended as a protection to passengers, thereby assuming the province of the jury. In this counsel was mistaken. What the court did say was this: "The gate was put there for the purpose of preventing passengers from entering from that side of the car, or alighting from that side of the car; but the claim is that the passengers on the platform, passengers who were permitted to stand upon the platform, did not know the use and purpose and design of the gate, but that they looked upon it as a means of protection against being thrown to the street, and that it was of such a condition and character as that they had a right to rely upon it as a means of protection, and that they did rely upon it, but that it failed, because of the inefficiency of these means which should have properly held it in place. Now, if passengers were justified in relying upon this gate as a means of protection, and if it was not in proper condition, but was in the condition described in the petition, and because of it being in this condition, brought about by the alleged negligence of the defendant, the plaintiff was thrown into the street by the lurching of the car, and thereby denied the protection which this gate should have afforded him if it had been in proper condition and repair, if it was of such a character as that the passengers

had a right to rely upon it, then the defendant is to blame. If the gate was of such a construction, strength, and kind as to warrant the platform passengers in relying upon it as a means of protection, and if the plaintiff did rely upon it, and it failed to furnish him the protection which he had a right to rely upon, because of its being in a condition of nonrepair, such as I have already pointed out, and if his injuries were due to the negligence of the defendant in failing to keep it in a proper state of repair, then the plaintiff would be entitled to recover from the defendant such damages as would make him whole for the loss sustained by the reason of the injuries which he has suffered." The issues presented to the jury were whether the gate was of such construction, strength and kind as to warrant the platform passengers in relying upon it as a means of protection and whether the traction company negligently permitted it to become dangerous, insecure, and an insufficient protection to passengers, and upon these issues the jury found for the plaintiff.

The motion for a new trial, therefore, will be overruled.