## GREENBERG v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1924.)

No. 5957.

1. Criminal law ⬭827—Defendant should present specific instruction requested.

Where defendant desires an instruction on a certain question, he should present the special instruction requested, and not merely orally request the court to instruct the jury on that question.

2. Criminal law ⬭510, 780(1)—Failure to give cautionary instruction on accomplice's testimony not reversible error; conviction may rest on accomplice testimony.

While it is the better practice to give an instruction cautioning the jury against too much reliance on an accomplice's testimony, the failure to give such an instruction is not reversible error, and there is no absolute rule preventing conviction on such testimony.

3. Receiving stolen goods ⬭1—Possession with guilty knowledge crime under federal act.

A claim that under Act Feb. 1913, § 1 (Comp. St. § 8603), a charge of unlawful possession of stolen goods, knowing them to have been stolen, states no offense, unless it also alleges that at the time defendant received the goods he knew that they had been stolen, *held* without merit, as this act expressly penalizes either the receiving or the having in possession of such goods with guilty knowledge.

4. Criminal law ⬭1129(2)—Errors not assigned according to rule requiring setting out of instructions disregarded.

Errors not assigned according to Circuit Court of Appeals Rules, rule 11, requiring the assignment of error to set out totidem verbis the instructions given or refused, may be disregarded.

5. Receiving stolen goods ⬭4—Refusal of instructions as to possession of goods held not error.

The refusal of requested instructions, predicated on the theory that the charge in the indictment that defendant had possession of certain goods was not proved, if another person had the legal possession of them, even if defendant was present, aiding and abetting that person in the unlawful possession, was not error.

6. Criminal law ⬭59(5)—Indictment and information ⬭83—At common law one aiding and abetting commission of felony was accessory or principal in second degree.

By the common law one who was present, aiding and abetting the commission of a felony, was deemed an accessory at the fact or principal in the second degree, and generally, when the punishment was the same, he could be indicted, at pleader's option, either as principal in the first degree, by direct allegation that he committed the felony, or according to the fact, by alleging that he aided and abetted the commission of the felony.

7. Indictment and information ⬭84—Accessory may be charged directly with commission of crime.

Under Criminal Code, § 332 (Comp. St. § 10506), providing that whoever aids, abets, or procures the commission of an act, constituting an offense defined in any law of the United States, is a principal, an accessory either at or before the fact may, at pleader's option, be charged directly with the commission of the crime, and such an indictment is supported by evidence that defendant aided and abetted its commission.

8. Criminal law ⬭811(1)—Federal judge may comment on portions of evidence.

Where a federal District Judge called attention in his charge to some portions of the evidence, but left the jury free to form their own con-

⬭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

clusions, *held*, that the comments were within his right to aid the jury in reaching a correct conclusion on the facts.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Max Greenberg was convicted of possessing stolen goods, and he brings error. Affirmed.

Harvey & Baer, of St. Louis, Mo., for plaintiff in error.

Allen Curry, U. S. Atty., and Claude M. Crooks, Asst. U. S. Atty., both of St. Louis, Mo.

Before SANBORN and KENYON, Circuit Judges, and MUN- GER, District Judge.

MUNGER, District Judge. The plaintiff in error, hereafter called defendant, was convicted of the offense of having unlawful possession in the city of St. Louis, Mo., of 82 pairs of shoes, which had been stolen from a railroad car in Illinois, and which had constituted a part of an interstate shipment of freight. It was charged that the defendant, at the time of his possession of the goods, knew them to have been stolen. Section 1, Act Feb. 13, 1913, 37 Stat. 670 (Comp. Stats. § 8603). There was conflict in the testimony given at the trial, but it was undisputed that the shoes had been stolen as alleged, and that the defendant, who lived in East St. Louis, in Illinois, was at the shoe store of one Silverstein in St. Louis about 6:15 a. m. on September 10, 1920, and his automobile, with the shoes in it, was then standing in front of Silverstein's store. The goods were carried into the store, the defendant carrying them from the automobile to the door of the store, and also carrying the last package of them into the store. Silverstein, for the government, testified that the defendant drove the automobile to Silverstein's store and offered the shoes for sale at a bargain, claiming that he was a jobber and was in need of money. He also claimed that he had never seen the defendant before. Silverstein testified that he purchased the shoes of the defendant, giving $100 in cash and a check for $50 in payment.

The defendant, as a witness, testified that he and Silverstein had been previously acquainted, and that Silverstein came to the defendant's place of business in East St. Louis, about 5 a. m., on September 10th, borrowed the defendant's automobile for the purpose of carrying some parcels to St. Louis, drove away, but soon returned with the automobile and having the shoes in it. Thereupon Silverstein asked the defendant if he would go to St. Louis with him and drive the car back from there, and offered to pay him well for doing it. The defendant consented, and according to his testimony they rode together in the car to Silverstein's place of business. The car was driven to the side and rear of Silverstein's store. The defendant stood at the front of the store for a short period, while Silverstein, who had gone upstairs where he resided, was endeavoring to find some keys to the store. The goods were then unloaded, and the defendant testified that he received the $50 check as payment for the use of his automobile, and drove it back to East St. Louis. There was some other testimony tend-

ing to corroborate portions of the testimony of both Silverstein and the defendant.

[1, 2] The defendant, at the close of the court's charge to the jury, orally requested the court to instruct the jury as to the caution with which they should regard the testimony of Silverstein as an accomplice. If the testimony on behalf of the government was true, Silverstein was not an accomplice of the defendant. No instruction was tendered. It must be left to inference whether the instruction desired would have stated as a matter of law that Silverstein was an accomplice, whether a conviction could not be rested upon his testimony, whether he must be corroborated, whether his testimony should be regarded with caution, or in what other respect the court should comment on his testimony. The defendant should have presented the specific instruction requested. Cincinnati Traction Co. v. Leach, 169 Fed. 549, 550, 95 C. C. A. 47; Holmgren v. United States, 217 U. S. 509, 524, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778. While it is the better practice in a criminal prosecution to give an instruction cautioning the jury against too much reliance on the testimony of an accomplice, the failure to give such an instruction is not reversible error, and there is no absolute rule of law preventing conviction on such testimony. Caminetti v. United States, 242 U. S. 470, 495, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Diggs v. United States, 220 Fed. 545, 552, 136 C. C. A. 147; Wagman v. United States (C. C. A.) 269 Fed. 568, 571; Wallace v. United States, 243 Fed. 300, 307, 156 C. C. A. 80; Richardson v. United States, 181 Fed. 1, 9, 104 C. C. A. 69; Rachmil v. United States (C. C. A.) 288 Fed. 782, 785; Graboyes v. United States, 250 Fed. 793, 794, 163 C. C. A. 125; Tuckerman v. United States (C. C. A.) 291 Fed. 958, 963; Reeder v. United States (C. C. A.) 262 Fed. 36, 42.

[3, 4] The defendant claims the indictment states no offense against him, and that the overruling of a motion in arrest of judgment was therefore erroneous. The claim is that a charge of his unlawful possession of the stolen goods, knowing them to have been stolen, states no offense, unless it is also alleged that, at the time he received the goods, he knew them to have been stolen. The construction of the act of Congress contended for ascribes the purpose to Congress to make but one offense, that of receiving stolen goods, but the act expressly penalizes either the receiving or the having in possession of such goods with guilty knowledge. The defendant assigned error in the refusal of some instructions alleged to have been requested. The assignments of error, with one exception, fail to comply with rule 11 of this court, requiring the assignment of error to set out, totidem verbis, the instructions given or refused.

[5] Errors not assigned according to this rule may be disregarded. The defendant asked an instruction that, if Silverstein hired the defendant's automobile to convey some property to St. Louis, and later, while having possession of the automobile by hiring, reappeared with it, and the stolen goods were then in the automobile, and the defendant then learned in East St. Louis that the goods were stolen, "the possession thereof was not the possession of the defendant, and his coming with the machine to St. Louis would not make it his possession;

the possession of the stolen property remained exclusively in Silverstein." Other instructions asked were founded on the same theory. In order to understand the situation before the court when these instructions were asked, it should be stated that in addition to the facts assumed in the instruction there was evidence that tended to show that Silverstein, a shoe dealer in St. Louis, had borrowed the defendant's automobile at 5 o'clock in the morning, at East St. Louis, to take some parcels to St. Louis. There was no claim that any charge was to be made for this proposed use of the automobile. Silverstein drove away with the vehicle, and in half an hour returned with the stolen goods in the automobile. A hurried conference with the defendant occurred, and an arrangement was made for the defendant to go in the automobile with Silverstein a few miles into St. Louis, a distance that consumed only an hour and a quarter for the journey, and to drive back the automobile to East St. Louis. For this service Silverstein promised to pay the defendant well and actually gave him for it a check for $50, cautioning him to say nothing about the transaction. At Silverstein's store, a city policeman observed the automobile, and casually examined the nature of the packages in it. The defendant was near the automobile at this time, but seems to have worn an air of innocence. The jury could well have drawn the inference that the defendant accompanied Silverstein into St. Louis for the purpose of aiding him in secretly getting the stolen goods away from Illinois, where they had been stolen, guarding them on the way to St. Louis, and mingling them in the stock of shoes kept by Silverstein at his store.

[6] These requested instructions were predicated on the theory that the charge in the indictment that the defendant had possession of these goods was not proved, if Silverstein had the legal possession of them, even if the defendant was present, aiding and abetting Silverstein in the unlawful possession. By the common law one who was present, aiding and abetting the commission of a felony, was deemed an accessory at the fact, or principal in the second degree, and generally when the punishment was the same such principal could be indicated, at the option of the pleader, either as a principal in the first degree, by direct allegation that he committed the felony, or according to the fact, by alleging that he aided and abetted the commission of the felony. Bish. New Cr. Proc. (2d Ed.) vol. 2, §§ 332 (5), 334; volume 3, § 3 (2); Commonwealth v. Chapman, 11 Cush. (Mass.) 422, 428; Reg. v. Tracy, 6 Mod. 30, 32; 1 Whart. Cr. Law (11th Ed.) § 259.

[7] Under section 332 of the Criminal Code (section 10506, Comp. Stats.), providing that whoever aids, abets, counsels, commands, induces, or procures the commission of an act constituting an offense defined in any law of the United States is a principal, an accessory either at or before the fact, may, at the pleader's option, also be charged directly with the commission of the crime, and such an indictment is supported by evidence that the defendant aided and abetted its commission. Vane v. United States, 254 Fed. 32, 33, 165 C. C. A. 442; Kelly v. United States, 258 Fed. 392, 402, 169 C. C. A. 408; Wood v. United States, 204 Fed. 55, 58, 122 C. C. A. 369; Di Preta v. United States (C. C. A.) 270 Fed. 73, 75; Remus v. United States (C. C. A.) 291 Fed.

513, 518; Rosencranz v. United States, 155 Fed. 38, 41, 43, 83 C. C. A. 634.

In the case of Jin Fuey Moy v. United States, 254 U. S. 189, 192, 41 Sup. Ct. 98, 65 L. Ed. 214, 194, the indictment directly charged a physician with the unlawful sale of narcotic drugs and the court held that the indictment could be construed, under section 332 of the Criminal Code, as charging that the physician aided and abetted a sale by another, and that proof that he aided an unlawful sale by a druggist, by means of an unauthorized prescription, sustained the charge of a sale by himself. Similar statutes exist in many of the states, and in England, and the right to charge the crime directly as having been committed by one who is present as an aider and abetter, has been sustained generally by well-considered decisions. Reg. v. Wanning, 2 Car. & K. 892, 904; People v. Bliven, 112 N. Y. 79, 82, 83, 88, 19 N. E. 638, 8 Am. St. Rep. 701; Spies v. People, 122 Ill. 1, 101, 102, 12 N. E. 865, 17 N. E. 898, 3 Am. St. Rep. 320; People v. Outeveras, 48 Cal. 19, 21, 26; Bish. Crim. Proc. (2d Ed.) vol. 1, § 332 (6); volume 3, § 4; 31 Corp. Jur. 740; 2 Russell on Crimes (8th Ed.) 138. The instructions requested incorrectly assumed that, although both the defendant and Silverstein knew the goods had been stolen, the possession of the goods could not be attributed to the defendant, although there was evidence tending to show that the defendant aided and abetted Silverstein in having and maintaining possession of the goods from the moment they entered Missouri until they were placed among the stock of goods in Silverstein's store in St. Louis. There was no error in refusing to give this instruction.

[8] The trial judge called attention in his charge to some portions of the evidence, but left the jury free to form their own conclusions, and the comments made by him were far within the right of a judge of the United States court to aid the jury in reaching a right conclusion on the facts. Graham v. United States, 231 U. S. 474, 476, 34 Sup. Ct. 148, 58 L. Ed. 319; Lovejoy v. United States, 128 U. S. 171, 173, 9 Sup. Ct. 57, 32 L. Ed. 389; Vicksburg etc., Railroad Co. v. Putnam, 118 U. S. 545, 553, 7 Sup. Ct. 1, 30 L. Ed. 257; Horning v. District of Columbia, 254 U. S. 135, 138, 41 Sup. Ct. 53, 65 L. Ed. 185; Smith v. United States, 157 Fed. 721, 732, 85 C. C. A. 353; Savage v. United States (C. C. A.) 270 Fed. 14, 21; Stokes v. United States (C. C. A.) 264 Fed. 18, 25; Little v. United States (C. C. A.) 276 Fed. 915, 916.

The judgment will be affirmed.