such arises on the evidence reported by the judge who presided at the trial. Many facts and circumstances were proved at the trial. independently of the confessions, tending to show that the crime had been committed; and some of the circumstances thus proved were of a character strongly to implicate the prisoners in the transaction. It was proved that the prisoners left Portland on the 7th of July, 1857, in the same vessel with Quinton D. Smith and the other men supposed to have been murdered, and that neither Smith, the other men, or the vessel have ever since been seen or heard from except through the confessions of the prisoners and of Lahey, who died before the trial. Neither the vessel nor the officers or men ever arrived at the port of destination or returned to the home port. At the time, or about the time, when the vessel should have arrived at Cardenas, the prisoners were picked up in a boat in the open sea, which boat was subsequently brought home and identified, and proved to be the only boat of the vessel in which they sailed. It was tarred inside in a manner to indicate that they had not left the vessel without preparation, and that fact was still more strongly indicated by the circumstance that they had in the boat the ship's compass, and a supply of water and provisions. They had in their possession also the watch of the captain, and the clothing of the murdered men, and all these articles were fully identified at the trial, as was the ship's register, which was also in their possession. After they were picked up, they gave contradictory and false accounts of what had occurred before they left the vessel, and persisted in the falsehood until Lahey disclosed the truth; and when they saw that detection was certain, they freely and voluntarily confessed their crimes. All these facts and circumstances were fully proved at the trial before the confessions were admitted, and we think they were of a character to be regarded as tending to prove, not only that the crime had been committed, but that it had been committed by the prisoners; and in that view of the case we are satisfied that the instructions given to the jury were correct. There is no decided case, either English or American, which asserts a contrary doctrine. It was supposed by the counsel at the argument that the Mississippi case constituted an exception, but we think it does not. The question there was, whether the extra-judicial confessions of a prisoner charged with a capital felony is sufficient without any proof whatever of the corpus delicti, independent of the confession; and it was held that the confession was not sufficient. Stringfellow v. State, 26 Miss. 169. See, also, State v. Cowan, 7 Ired. 239; State v. Aaron, 1 South. [4 N. J. Law] 231; People v. Hennessey, 15 Wend. 147; Burrill, Circ. Ev. 495; Best, Pres. § 257, p. 382. Other cases to the same effect might be cited; but these already referred to

we think are sufficient to show the state of the law in the United States, and it will be seen that they do not sustain the doctrine that the corpus delicti must be fully proved by evidence independent of the confession. It is doubtful whether Mr. Greenleaf intended to lay down any such rule, and if he did we are not prepared to adopt it, as it does not appear to have the sanction of any decided case either in England or the United States. All that can be required is, that there should be corroborative evidence tending to prove the facts embraced in the confession; and where such evidence is introduced, it belongs to the jury, under the instructions of the court, to determine upon its sufficiency.

The motion for a new trial, therefore, is overruled, and there must be judgment on the verdict.

―――――――

## Case No. 16,708.

### UNITED STATES v. WILLIAMS.

[1 Cranch, C. C. 174.] [1]

Circuit Court, District of Columbia. July Term, 1804.

#### CRIMINAL LAW—ACCESSORIES.

There cannot be an accessory at common law to an offence which does not amount to a felony.

Indictment [against Stuart Williams] for feloniously receiving, harboring, and maintaining one Daniel Hennessee, who had been convicted, under the act of congress of 1790 (1 Stat. 112), of stealing a pair of silver candlesticks. The indictment did not state that Hennessee had been convicted of feloniously stealing.

Motion in arrest of judgment: (1) Because it does not appear in the indictment that D. Hennessee was convicted of any felony, but only of a misdemeanor, and there could be no accessory to the offence of which Hennessee was convicted. (2) That D. Hennessee, the principal, is stated to have been convicted of stealing one pair of candlesticks, one saddle, and one bridle. Whereas the record and conviction, produced in evidence, only find him guilty of stealing the candlesticks, and not the other articles charged in his indictment.

P. B. Key, for defendant. (1) D. Hennessee was convicted of a trespass only, under the act of congress. And although the act gives an indictment against accessories after the fact, yet Williams, not being indicted under the statute, cannot be punished under the statute. The indictment against Hennessee does not state the act to have been done feloniously. Where the indictment does not state

―――――――

[1] [Reported by Hon. William Cranch, Chief Judge.]

the act to have been done feloniously, it is only a trespass. 4 Tuck. Bl. Comm. 306. No circumlocution can supply the word "feloniously" (felonicé). 2 Hawk. P. C. 320. Hennessee is only charged with an offence which is a trespass at common law. It is said that felony is derived from "fee," which signifies the feud or land, and "lon," forfeiture. Hence, felony is a crime which forfeits land. Cr. Cir. Comp. (6th Ed.) 95, 96, 104. This indictment against Hennessee, is a good indictment under the act of congress. At common law, there can be no accessory after the fact, except in felony. 4 Tuck. Bl. Comm. 37, 38. And the felony must be completed at the time the assistance is given. 1 Stat. 114. The indictment against Williams is not under the statute. The statute has made it less than felony; it gives no forfeiture of lands or goods. The indictment against Williams is at common law, and states that Williams, well knowing that Hennessee had committed the said theft, &c. 4 Tuck. Bl. Comm. 37, 38. If indicted at common law, he cannot be punished under the statute. The statute judgment cannot be given upon a common law indictment. 2 Hawk. P. C. 357. Where clergy is taken away expressly by any statute, the offence must be laid in the indictment against that very statute, and the words of it, or the offender shall have his clergy. 1 Hale, P. C. 529; Fost. Crown Law, 356, 357; Kelyng, 104. See Cr. Cir. Comp. 412, "Larceny."

Mr. Mason, U. S. Atty. The act of congress speaks of it as a felony, "larceny aforesaid." Stealing is felony at common law. The facts stated in the indictment against Hennessee amount to felony. It was not necessary, in the indictment under the statute, to charge the act to have been done "feloniously," to obtain a judgment under the statute. Every offence which produced a forfeiture of lands or goods, was. at common law, a felony. It is sufficient to show, that Hennessee's offence was felony at common law. The jury say he did feloniously harbor, and receive, &c. It is a good indictment under the statute, though not contra formam statuti. Cr. Cir. Comp. 412. As to the second point, the variance between the allegation and the evidence; it ought to have been made at the trial. It is now too late.

Mr. Key. The United States may waive the felony, and indict for the trespass. The act of congress makes it an intermediate offence between trespass and felony. It is the punishment only that makes it a felony. The act of congress gives this court the power to punish it more severely than if it was a mere trespass, and not so severely as by common law. The act of congress is not to be lightly construed to create a felony.

Judgment arrested. Because the indictment against the principal did not charge him with a felony.

KILTY, Chief Judge, absent.

## Case No. 16,709.

UNITED STATES v. WILLIAMS et al.

[1 Cranch, C. C. 178.] [1]

Circuit Court, District of Columbia. July Term, 1804.

COUNTERFEITING BANK NOTES—LIST OF WITNESSES AND JURORS—WITNESS FEES.

1. A prisoner, indicted for counterfeiting a note of the Bank of the United States, is not entitled to a list of witnesses and jurors two days before pleading, although the statute makes it felony.

[Cited in U. S. v. Coppersmith, 4 Fed. 202.]

2. A witness may be allowed his fees although not regularly summoned.

[Cited in Cummings v. Akron Cement & Plaster Co., Case No. 3,473; Re Williams, 37 Fed. 326; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 281.]

The prisoners [Philip Williams and Jacob Ray] being brought up to be arraigned for counterfeiting a bank-note of the United States for fifty dollars,—

Mr. Key, counsel for prisoner, observed that the act of congress (1 Stat. 573) has made it felony, and the act of April 30, 1790, § 29 (ut sup. 118) entitles the prisoners to a copy of the indictment and a list of witnesses in all capital cases. Every felony at common law is a capital offence. He therefore demanded for the prisoners a list of witnesses and jurors, and a copy of the indictment two days before pleading.

Mr. Mason denied that congress, by making it felony, had made it a capital offence. It was not a felony at common law, and the act, at the same time that it makes it a felony, prescribes a punishment less than death.

THE COURT (KILTY, Chief Judge, absent), was of opinion, that the prisoners were not entitled, under the act of congress of April 30, 1790, § 29 (1 Stat. 118), to a list of witnesses, jurors, &c., but ordered them to be furnished with a copy of the indictment, and gave them reasonable time to plead. A witness from Philadelphia, who was not summoned, was allowed to prove his attendance to testify to the grand jury in this case, having been requested by the attorney for the United States to attend.

A venire facias was ordered for the 3d Monday in September.

## Case No. 16,710.

UNITED STATES v. WILLIAMS.

[2 Cranch, C. C. 438.] [1]

Circuit Court, District of Columbia. Nov. Term, 1823.

MURDER AND MANSLAUGHTER—KILLING CONSTABLE MAKING DISTRESS FOR RENT.

1. A constable, in levying a distress for rent in the county of Alexandria, is not acting in the

[1] [Reported by Hon. William Cranch, Chief Judge.]