## The State *versus* Brown.

In a complaint for an unlawful sale of intoxicating liquor, it is not necessary to allege, neither on the trial is it necessary to prove, whether it was by the defendant's own hand or by that of his clerk, servant or agent, that the sale was made.

Exceptions from the District Court, Rice, J.

Complaint for violation of the Act " to restrict the sale of intoxicating drinks." The complaint charged, that the defendant made a sale, &c. The government called a witness, who testified that he bought two quarts of rum at the defendant's store ; that the defendant was not there ; that a man within the counter, whom the witness did not know, drew the rum and received the pay.

The defendant's counsel requested the Judge to instruct the jury, that such a transaction would not render the defendant liable. That instruction was not given. But the jury were instructed, that if they found the person, who sold the rum was the " agent, servant or clerk" of the defendant, the defendant would be liable. Verdict of " guilty."

*Bronson*, for defendant.

The statute provides that no person shall sell by himself, or his clerk, servant or agent, &c.

The *complaint* ought to show whether the sale was by defendant, or by his servant. This is required by a fair construction of the statute. It is also necessary in order to enable defendant to answer the prosecution. But if such allegation be

not essential to the complaint, it ought to be shown by the proof, that the sale was by the direction or consent of the defendant. There is no proof that he knew of the sale, or consented to it, or got any pay or had any clerk, servant or agent. The jury ought to have been instructed, that there was not sufficient evidence to show that the man within the counter was a clerk, servant or agent of the defendant. The defendant might have had the liquor in his store for private uses, or the man might have been an agent for a specified purpose, or he might have sold the liquor without authority, and kept the money for himself.

*Vose,* County Attorney, declined making any reply.

HOWARD, J., orally. — The offence was committed, if the sale was made either by the defendant or by his clerk, or by his servant, or by his agent. Under the instructions, the jury found it was made by the hand of a person, who was either the clerk, servant, or agent of the defendant ; and the evidence was sufficient for that finding. It is not necessary to find which of those positions the person held. It is not requisite in the complaint, to specify by whose hand, such a sale is made.

*Exceptions overruled.*