UNITED STATES v. ASH.

(District Court, D. Alaska. April 20, 1896.)

No. 532.

1. SALE OF INTOXICATING LIQUORS IN ALASKA.
 Section 14, Act Cong. May 17, 1884 (23 Stat. 24; Supp. Rev. St. p. 435), prohibits the importation, manufacture, and sale of intoxicating liquors in Alaska, except for medicinal, mechanical, and scientific purposes.

2. SAME—FACTS NECESSARY TO WARRANT CONVICTION.
 No question being raised under the exception provided by this statute, three facts only are necessary to be found to warrant conviction in this case: (1) That liquor was sold; (2) that the liquor was intoxicating; (3) that the sale was made by this defendant, either in person or through his agents, servants, or employés, acting for him or under his management, direction, or control.

3. SAME—SALE DEFINED.
 A sale, within the meaning of this statute, has the usual definition; i. e. the transfer of any piece of property or thing of value from one person to another person for current money of the United States.

4. SAME—JUDICIAL KNOWLEDGE.
 This court will assume judicial knowledge that the liquor commonly known as "whisky" is an intoxicating liquor, and that the drink commonly called a "whisky cocktail" is an intoxicating drink.

5. SAME—INTERNAL REVENUE TAX.
 The payment by the defendant of the tax imposed by the internal revenue laws of the United States, and the issuing to him of an internal revenue license thereunder by the treasury department, is no defense to this indictment.

6. SAME—REASONABLE DOUBT.
 As this is a criminal prosecution, every fact necessary to constitute the offense must be established by the evidence to your satisfaction beyond a reasonable doubt.

7. SAME—CONCLUSION.
 Therefore, findings from the evidence beyond a reasonable doubt that the defendant, either in person or by his agents, servants, or employés, sold the liquor commonly known as "whisky," or the drink commonly called "whisky cocktails," are sufficient to warrant a verdict of guilty.

This was an indictment against Harry Ash for selling intoxicating liquors in violation of section 14 of the act of congress of May 17, 1884 (23 Stat. 24; Supp. Rev. St. p. 435), prohibiting the sale of intoxicating liquors in Alaska.

Burton E. Bennett, U. S. Atty.

J. F. Maloney and Johnson & Heid, for defendant.

DELANEY, District Judge (orally). When congress provided the act establishing a civil government for this district, known as the "Organic Act," and which became a law on the 17th day of May, 1884, the following provision was incorporated into said act, to wit: "The importation, manufacture and sale of intoxicating liquors in said district, except for medicinal, mechanical and scientific purposes, is hereby prohibited." This is the law commonly known in this district as the "Prohibitory Liquor Law," and is the act under which the indictment in this case is brought. The indictment charges the defendant with having violated this provision of law on or about the 4th day of the present month by selling an intoxicating liquor commonly called "whisky." There is no

contention that any liquor was sold for medicinal, mechanical, or scientific purposes; consequently, if a sale was made, it was in violation of this statute. In order to warrant a conviction of this defendant, three material facts must be established in your minds from the evidence beyond a reasonable doubt: First, that liquor was sold; second, that the liquor was intoxicating; third, that the sale was made by this defendant either in person or through his agents, servants, or employés, acting for him, or under his direction, management, or control. A sale is the transfer of any piece of property or thing of value from one person to another person for a valuable consideration; i. e. for current money of the United States. The word "sale," as used in this prohibitory statute, means such a sale as I have thus defined, and the fact that such sale took place must be established to your satisfaction beyond a reasonable doubt from the evidence in the case.

Aside from finding that there has been such a sale, to warrant the conviction of the defendant, it is also necessary that the intoxicating nature of the liquor sold should be established. Upon this question there is an extraordinary diversity of information among the judges of the courts in this country. In one of the earliest decisions upon this question in the state of New York, wherein the opinion of the court was delivered by Chancellor Walworth, one of the most learned and eminent judges this country has produced, the court, in a most exhaustive opinion, declared its judicial knowledge as to what was an intoxicating drink in that state, and also went into further details concerning intoxicating liquors in other countries of the globe, and in the remotest times. In later years there seems to have been a disposition to deny or ignore judicial knowledge as to what constitutes intoxicating liquors, and the courts have manifested a desire to disavow any judicial knowledge on the subject. At the same time some of the courts have not hesitated to impute to juries an extensive knowledge and information in this regard. This court, however, will follow the precedent established by the decision of Chancellor Walworth upon this subject, and will assume judicial knowledge concerning intoxicating liquors. The rule laid down in New York appears to be the better one, and has met with the support of the courts of last resort in many of the other states of the Union. In a trial in the state of Wisconsin, where this question arose in 1883, the trial judge declared that a man must be almost a driveling idiot who did not know what beer was, and that it was not necessary to prove it to be an intoxicating liquor. Later the supreme court of that state, in passing on the charge of the trial judge, declared that his rulings in the case upon this question were not only clearly correct, but, if his peculiar manner gave them force and emphasis, it was not only proper, but commendable. This court therefore will neither stultify itself nor impeach its own veracity by telling you that it has not judicial knowledge that the liquor commonly known as "whisky" is an intoxicating liquor, or that the drink commonly called a "whisky cocktail" is an intoxicating drink. On the contrary, the court assumes judicial knowledge that both are intoxicating. Therefore, if you find from this evidence beyond

a reasonable doubt that whisky or whisky cocktails were sold, then you must find that an intoxicating liquor was sold.

As to the third proposition, that the sale must be by the defendant, the court charges you that, if you find from the evidence that either whisky or whisky cocktails were sold by any agent, servant, or employé of the defendant, acting for him or under his management, direction, or control, then the sale becomes the act of the defendant, and he is liable under this indictment.

All of these propositions are necessary to be established from the evidence beyond a reasonable doubt, to warrant the conviction of the defendant,—that is, there must be a sale of liquor; the liquor must be whisky or whisky cocktails, which the court has charged you are intoxicating liquors within the meaning of this statute; and the sale must be made by the defendant, either in person or by his agent, servant, or employé, acting for him or under his management, direction, or control.

In view of the offer of testimony made by the defendant, and the discussion of counsel concerning the same, as to the payment of the internal revenue tax by the defendant, and the issuing of the government license therefor, the court deems it necessary to place the law in reference to that matter before you. This prosecution is not for a violation of the internal revenue laws. Such a violation constitutes another and entirely different and distinct offense from the one set forth in this indictment; and, while the court feels that the policy of the government in accepting from liquor dealers in this district the internal revenue tax, and issuing the license therefor, while the present prohibitory liquor law remains in force, is unwise, unjust, and often deceptive and misleading, it is nevertheless the duty of the court to charge you that the payment of the internal revenue tax, and the receipt of the license by the defendant thereunder, constitutes no defense whatever to this prosecution; and you must not consider the offer to introduce such license on the part of the defendant, or the discussion which took place in regard to the same, in making up your verdict, as that question has nothing whatever to do with this case. It is your duty to come to conclusions upon questions of fact in this case from the evidence that has been produced and admitted upon the trial, and you have no right to go outside of the evidence to consider anything, either for or against this defendant, and in making up your verdict you must decide upon all the evidence admitted upon the trial.

Inasmuch as this is a criminal prosecution, it is governed by the same rules of law as are applicable to other criminal cases, and the defendant is entitled to the presumption of innocence until he is proved to be guilty; and the government must satisfy you from the evidence beyond a reasonable doubt that he is guilty. Therefore, if you find from the evidence beyond a reasonable doubt that whisky or whisky cocktails were sold by the defendant, either in person or by his servants, employés, or agents, acting for him, or under his management, direction, or control, then your verdict should be, "Guilty as charged in the indictment." If you do not

so find the defendant is entitled to be acquitted, and your verdict should be, "Not guilty."

The jury disagreed.