VANE v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. December 2, 1918.)

No. 3166.

1. POST OFFICE ⬅️48(8)—ROBBERY OF MAILS—AIDERS AND ABETTORS—IN-
   DICTMENT AS PRINCIPALS.
   Under Penal Code, § 332 (Comp. St. 1916, § 10506), making one who
   aids and abets the commission of a crime a principal, an indictment un-
   der Penal Code, § 197 (section 10367), directly charging defendant with
   robbery of the mails, is supported by evidence that he aided and abetted
   such robbery.

2. ROBBERY ⬅️17(2)—INDICTMENT—AVERMENT OF INTENT.
   An indictment charging that defendant did willfully, unlawfully, and
   feloniously commit a robbery is sufficient, and need not allege the spe-
   cific intent.

In Error to the District Court of the United States for the North-
ern Division of the District of Idaho; Frank S. Dietrich, Judge.

Criminal prosecution by the United States against William Vane
and others. From a judgment of conviction, defendant Vane brings
error. Affirmed.

R. L. Edmiston, of Spokane, Wash., R. E. McFarland, of Cœur
d'Alene, Idaho, and O. J. Bandolin, of Sandpoint, Idaho, for plaintiff
in error.

J. L. McClear, U. S. Atty., and J. R. Smead, Asst. U. S. Atty., both
of Boise, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This case is related to Vane v. United
States, 254 Fed. 28, —— C. C. A. ——, where plaintiff in error was
convicted of conspiracy to rob. By this writ of error, brought by
William Vane, he seeks a reversal of conviction of robbery under an
indictment which charged:

That he and three others did, on or about September 8, 1914, in the county
of Barnum, Northern district of Idaho, "willfully, unlawfully, and felonious-
ly" make an assault, and then and there "willfully, unlawfully, and felonious-
ly did rob the said Hugo De Witz of certain mail matter; that is to say,
they * * * then and there willfully, unlawfully, and feloniously as
aforesaid, and by force and violence, did take, steal, and carry away from
the possession of, and against the will of, him, the said Hugo De Witz, the
aforesaid mail matter, which said mail matter then and there consisted of
letters and parcels constituting a part of the United States mail then and
there under the control of the post office establishment of the United States,
and then and there in the lawful charge and custody of him, the said Hugo
De Witz; and they, * * * in effecting the robbery of such mail matter
as aforesaid, did then and there put the life of the said Hugo De Witz in
jeopardy by the use of dangerous weapons, to wit, a certain pistol and cer-
tain rifles then and there loaded with gunpowder and leaden bullets, with
which said weapons the said William Vane * * * did then and there
threaten him, the said Hugo De Witz, and did put his life in peril."

There is no bill of exceptions in the record, and it does not appear
that there ever was a demurrer to the indictment, or a motion in ar-

rest of judgment; but, for use upon the writ of error, a stipulation was made wherein it was agreed that at the trial of Vane and others there was no testimony offered or admitted tending to show that Vane was present at the scene of the alleged robbery, or that Vane took part in any of the overt acts constituting the actual commission of said robbery; that there was testimony tending to show that on the day and at the time of the alleged robbery Vane was at his home in Idaho about 10 miles distant from the place of the robbery, and that there was conflicting testimony tending to show that Vane provided masks and guns to his codefendants prior to the alleged robbery, and planned the robbery, and counseled and induced the other defendants to commit the robbery.

[1] The first assignment of error presents this question: Vane not having been present at the actual robbery, was it error in the court to hold that he could be convicted under section 197 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1126 [Comp. St. 1916, § 10367]), which reads as follows:

"Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter, or any part thereof, or shall rob any such person of such mail or any part thereof, shall for a first offense be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

The position of the plaintiff in error is that upon the face of the indictment, and upon the stipulation of facts, there was a fatal defect in the indictment, and that there was a fatal variance of proof, from which it must follow that plaintiff in error has been deprived of his constitutional rights to be advised of the nature and cause of the accusation against him. But there is a section (332) of the Penal Code which provides that:

"Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." Comp. St. 1916, § 10506.

It being the law that one who aids or induces the commission of an act made an offense under the law of the United States is a principal, distinctions which once existed between classes of offenders, accessories before the fact and principals, are abrogated, and therefore an indictment which charges one with doing the overt act substantially informs him of the nature and cause of the accusation against him. In Rosencranz v. United States, 155 Fed. 38, 83 C. C. A. 634, and Rooney v. United States, 203 Fed. 928, 122 C. C. A. 230, the question was discussed and the authorities cited. The Supreme Court, in Ruthenberg v. United States, 245 U. S. 480, 38 Sup. Ct. 168, 62 L. Ed. 414, has recently held that under section 332, heretofore quoted, an indictment which charged a defendant as an aider and inducer and abettor of the one who did the direct act made a crime states the offense against him as principal, even though the offense be a misdemeanor and though at common law there was no accessory to a mis-

254 F.—3

demeanor. It would naturally follow, we think, that where, under facts alleging that one is an aider and abettor, he is charged as a principal, under facts directly alleging that he is a principal, facts which make him such can be shown, though they prove that he has really only aided and abetted the doing of the main act.

[2] It is urged that there is a failure to set forth facts showing intent to rob, steal, and purloin. The indictment, however, charges robbery of the custodian of the mail, and not an assault with intent to rob him. There is an allegation of an assault, but the charge itself is robbery, and the words that defendants did willfully, unlawfully, and feloniously rob are sufficient. Felton v. United States, 96 U. S. 699, 24 L. Ed. 875; Commonwealth v. Adams, 127 Mass. 15; Allen v. Inhabitants, 3 Wils. 318; Bishop's New Cr. Proc. § 1003.

By the statutes of Idaho (section 7980, Idaho Revised Code) it is provided that after a verdict of guilty, if the judgment be not arrested or a new trial granted, the court must appoint a time for pronouncing a judgment, which in cases of felony must be at least two days after the verdict, if the court intend to remain in session so long, but, if not, then at as remote a time as can reasonably be allowed. Error is assigned because it is said the court passed sentence upon plaintiff in error on the same day that the verdict was received, and within less than two days after return of the verdict against the plaintiff in error. Assuming, but not conceding at all, that the statute quoted governed the practice of the federal court sitting in Idaho, the statute itself is not mandatory, except where the court intends to remain in session for two days or more after rendition of the verdict, and there is nothing in the record to show when the District Court adjourned.

The other principal points made in behalf of the plaintiff in error are sufficiently covered by the opinion in Vane v. United States, supra.

The judgment is affirmed.