## VESELY v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921.)

No. 3707.

1. Criminal law ⊕619—Cases held properly consolidated.

Where two informations were filed, one of which charged sale of intoxicating liquor, and maintenance of a place where such liquor was sold, and the other charged unlawful transportation of liquor, they were properly consolidated for trial, under Rev. St. § 1024 (Comp. St. § 1690), and National Prohibition Act, tit. 2, § 32, especially where there was no verdict against the accused under the second information.

2. Criminal law ⊕1166½ (6)—No complaint of court's excusing juror.

Accused cannot complain that the court, during the selection of a jury, excused one of the veniremen on his own motion, because he was of the opinion that his answers disclosed that he would not be an impartial juror; it appearing that a duly qualified jury was readily secured and was accepted by both parties without objection.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied February 20, 1922.

**3. Intoxicating liquors ⬪⟹213—Information for unlawful maintenance of place for sale held sufficient.**

A count of an information charging that defendant knowingly, willfully, and unlawfully maintained a room, building, and place, to wit, the M. Buffet, Seventh and F streets, in the city named, where intoxicating liquor, namely, whisky, containing alcohol in excess of one-half of 1 per cent., was kept and sold, *held* sufficient to state an offense.

**4. Intoxicating liquors ⬪⟹236(4)—One selling intoxicating liquor held properly prosecuted as principal, maintaining a place for sale.**

Where there was evidence showing that defendant sold whisky at a buffet on a number of days to a certain person, he was properly prosecuted and convicted as a principal under an information charging him with the unlawful maintenance of a place for the sale of intoxicating liquors, though he was not shown to be the "proprietor" of the place where he sold the liquor.

In Error to the District Court of the United States, for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Al. Vesely was convicted of unlawful sale of intoxicating liquors, and of maintaining a place for the sale thereof, and brings error. Affirmed.

Two informations were filed by the government in the court below against the plaintiff in error, the first of which contained two counts—one charging that on or about October 9, 1920, at the city of San Diego, Vesely unlawfully sold to one Kinney certain intoxicating liquor, namely, whisky, for beverage purposes, at and for an agreed price of 50 cents a drink, lawful money of the United States; and the second count charged that on or about October 9, 1920, at the city of San Diego, the defendant to the information knowingly, willfully, and unlawfully maintained a room, building, and place, to wit, the Maryland Buffet, Seventh and F streets, in the city named, where intoxicating liquor, namely, whisky, containing alcohol in excess of one-half of 1 per cent. was kept and sold.

The second information charged that on or about February 8, 1921, in the city of San Diego, Vesely knowingly and unlawfully transported for beverage purposes one pint of whisky, containing alcohol in excess of one-half of 1 per cent.

The two informations were consolidated for trial in the court below, resulting in a verdict of guilty under both counts in the first information, and no verdict respecting the second one—the jury being unable to agree as to that charge.

L. E. Dadmun, of San Diego, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., of Los Angeles, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). [1] We see no merit whatever in either of the points made on behalf of the plaintiff in error. The contention that the cases did not admit of consolidation is sufficiently answered, first, by section 1024 of the Revised Statutes (Comp. St. § 1690), and section 32 of title 2 of the National Prohibition Act, by the first of which it is declared that—

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which

⬪⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

And section 32, tit. 2, of the Prohibition Act provides, among other things, that—

"In any affidavit, information, or indictment for violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed."

Moreover, there was no verdict against the plaintiff in error under the second information.

[2] The record shows that during the selection of a jury the court was of the opinion that the answers of one of the veniremen disclosed that he would not be an impartial juror, and for that reason of its own motion excused him. Complaint is made of that action by the plaintiff in error, to which it is enough to say that it appears that a duly qualified jury was readily secured and was accepted by both parties without objection. It is needless to cite the numerous cases to the effect that under such circumstances there is no valid ground of complaint, regardless of whether or not there was sufficient ground for the excusing of the juror referred to.

[3] The sufficiency of the second count of the first information, to which objection is made, is shown by the decision of this court in the case of Young v. United States (C. C. A.) 272 Fed. 967.

[4] It is contended that the conviction under that count cannot be sustained, for the reason that it was not shown that the plaintiff in error was the "proprietor" of the place where he sold the liquor. The answer to that is that there was evidence going to show that he sold whisky in the place to one Kinney on the 5th, 6th, 7th, 8th, and 9th days of October, 1920, and thereby aided and abetted the maintenance of the place for that purpose. Plaintiff in error was therefore properly prosecuted and convicted as a principal. See Rooney v. United States, 203 Fed. 928, 122 C. C. A. 230, and cases there cited.

It is further contended on the part of the plaintiff in error that the whisky sold by him was not intoxicating. Respecting that matter we insert this interesting excerpt from the opinion of Judge Delaney in the case of United States v. Ash (D. C.) 75 Fed. 651:

"Upon this question there is an extraordinary diversity of opinion among the judges of the courts in this country. In one of the earliest decisions upon this question in the state of New York, wherein the opinion of the court was delivered by Chancellor Walworth, one of the most learned and eminent judges this country has produced, the court, in a most exhaustive opinion, declared its judicial knowledge as to what was an intoxicating drink in that state, and also went into further details concerning intoxicating liquors in other countries of the globe, and in the remotest times. In later years there seems to have been a disposition to deny or ignore judicial knowledge as to what constitutes intoxicating liquors, and the courts have manifested a desire to disavow any judicial knowledge on the subject. At the same time some of the courts have not hesitated to impute to juries an extensive knowledge and information in this regard. This court, however, will follow the precedent established by the decision of Chancellor Walworth upon this subject, and will assume judicial knowledge concerning intoxicating liquors.

The rule laid down in New York appears to be the better one, and has met with the support of the. courts of last resort in many of the other states of the Union. In a trial in the state of Wisconsin, where this question arose in 1883, the trial judge declared that a man must be almost a driveling idiot who did not know what beer was, and that it was not necessary to prove it to be an intoxicating liquor. Later the Supreme Court of that state, in passing on the charge of the trial judge, declared that his rulings in the case upon this question were not only clearly correct, but, if his peculiar manner gave them force and emphasis, it was not only proper, but commendable. This court, therefore, will neither stultify itself nor impeach its own veracity by telling you that it has not judicial knowledge that the liquor commonly known as 'whisky' is an intoxicating liquor, or that the drink commonly called a 'whisky cocktail' is an intoxicating drink. On the contrary, the court assumes judicial knowledge that both are intoxicating."

It is not necessary for us to express any opinion upon that question, for the reason that the evidence introduced in the present case showed various circumstances from which the jury was clearly justified in finding affirmatively, in effect, as it did.

The judgment is affirmed.