## DUKICH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 3, 1924. Rehearing Denied April 7, 1924.)

No. 4149.

1. **Indictment and information** ⟝86(2)—**Information which describes county in which liquor was possessed held sufficient.**

An information charging defendant with unlawful possession of liquor in a named county and district *held* to sufficiently state the place of possession.

2. **Intoxicating liquors** ⟝169—**Charge of unlawful sale supported by proof of sale by employé in defendant's presence.**

Under Penal Code, § 332 (Comp. St. § 10506), which makes an aider or abettor chargeable as a principal, an information charging defendant

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

with unlawful possession and sale of liquor is supported by proof of possession and sale by an employé in defendant's presence and with his knowledge.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Criminal prosecution by the United States against Joe Dukich. Judgment of conviction, and defendant brings error. Affirmed.

E. W. Robertson, of Spokane, Wash., for plaintiff in error.

Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash.

Before HUNT, MORROW, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Defendant below was convicted upon an information charging in count 1 possession of intoxicating liquor, and in count 2 selling intoxicating liquor. The court overruled a general demurrer to the two counts of the information, and the ruling is assigned as error.

[1] The charging part of the first count is that on or about the 10th day of July, 1923, "in the said county of Spokane, in the Northern division of the Eastern district of Washington, and within the jurisdiction of this court, did then and there knowingly, willfully, and unlawfully have and possess," etc. We are not in accord with the argument that the place where the defendant possessed the intoxicating liquor is not stated. Section 32, title 2, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½s) provides that it shall not be necessary to include any defensive negative averments in the information, but that it shall be sufficient to state that the act complained of was then and there prohibited and unlawful. Massey v. United States (C. C. A.) 281 Fed. 293; Panzich v. United States (C. C. A.) 285 Fed. 871; Considine v. United States, 112 Fed. 342, 50 C. C. A. 272.

[2] The evidence was that defendant kept the place, a "soft drink resort," where liquor was sold; that he was present at the end of the bar at the time of the sales and nodded to the bartender, but that the actual, manual possession, delivery, and receipt of money were by the bartender. The contention of defendant is that, being charged with possession and sale, he was not apprised of the fact that he would be called upon to answer, not for a sale by himself, but by another, and that it was error to hold otherwise.

By section 332 of the Penal Code (Comp. St. § 10506) one who aids or abets the commission of any act constituting an offense is a principal. It would therefore logically follow that, if by law he is made a principal, he can be charged as such without setting forth the evidentiary facts that make him legally a principal. Vane v. United States, 254 Fed. 32, 165 C. C. A. 442; Rooney v. United States, 203 Fed. 928, 122 C. C. A. 230; State v. Brown, 31 Me. 520; Commonwealth v. Chapman, 11 Cush. (65 Mass.) 422; Hamlin v. State, 48 Conn. 92.

The instructions were to the effect that if, from the evidence, the bartender was shown to be the agent or employé of defendant, and

with the knowledge of the defendant had possession of the liquor, such possession would be equivalent to the possession by defendant on trial, and that if the bartender, as agent, sold the liquor in the presence of defendant and defendant aided, abetted, and counseled the bartender to sell the liquor, then defendant would be a principal, and guilty.

We find no error in these instructions. They incorporated the principle that a man may, under certain circumstances, do a criminal act through the direct agency of another, and that one who stands by and knowingly aids and counsels or abets the doing of a criminal act becomes liable as a principal. Heitler v. United States (C. C. A.) 280 Fed. 703; Nobile v. United States (C. C. A.) 284 Fed. 253. Defendant was lawfully convicted, and the judgment·must stand.

Affirmed.